Robert L. Bezek, Jr., City Attorney City of Baldwin City 111 E. 2nd Street P.O. Box 1015 Ottawa, Kansas 66067
Dear Mr. Bezek:
As legal counsel for the City of Baldwin City, you request our opinion regarding the applicability of accessibility standards to a facility. Specifically, you ask whether the renovation of a fraternity house is subject to the requirements of the Americans with Disabilities Act of 1990[1] and the Kansas Architectural Accessibility Standards Act.[2]
Upon finding that American society "ha[d] tended to isolate and segregate individuals with disabilities and . . . such forms of discrimination . . . continue[d] to be a serious and pervasive social problem; . . . [and] the Nation's proper goals regarding individuals with disabilities [were] to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals . . . ,"[3] the United States Congress enacted the Americans with Disabilities Act of 1990 (ADA). Title III[4] of the ADA provides that:
 "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[5]
"In order to be a place of public accommodation [under Title III], a facility must be operated by a private entity, its operations must affect commerce, and it must fall within one of these 12 categories [set forth in subsections (7)(A) through (L) of 42 U.S.C.A. § 12181]. . . . [T]he list of categories is exhaustive. . . ."[6] Of the twelve categories listed, the only one which may apply to the situation reviewed herein is:
 "(A) [A]n inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor. . . ."[7]
The categories are repeated in regulations enacted by the U.S. Attorney General pursuant to subsection (b) of 42 U.S.C.A. § 12186.[8] In its written response to comments regarding the interplay of the Fair Housing Act[9] and the ADA, the Office of the U.S. Attorney General stated in part:
 "[T]he category `places of lodging' would exclude solely residential facilities because the nature of a place of lodging contemplates the use of the facility for short-term stays.
 "Many facilities, however, are mixed use facilities. For example, in a large hotel that has a separate residential apartment wing, the residential wing would not be covered by the ADA because of the nature of the occupancy of that part of the facility. This residential wing would, however, be covered by the Fair Housing Act. The separate nonresidential accommodations in the rest of the hotel would be a place of lodging, and thus a public accommodation subject to the requirements of this final rule. If a hotel allows both residential and short-term stays, but does not allocate space for these different uses in separate, discrete units, both the ADA and the Fair Housing Act may apply to the facility. Such determinations will need to be made on a case-by-case basis."[10]
An agency's comments on its own regulations are entitled to substantial deference.[11] "[T]he legislative history of the ADA clarifies that `other place of lodging' does not include residential facilities."[12]
According to information provided by representatives of the fraternity, "the fraternity house is a privately owned residential facility, with sleeping rooms assigned and leased to members of the fraternity on an annual basis, pursuant to a Membership Agreement which includes the lease terms. The fraternity house is not open to the public, and there are no non-member tenants."[13] Based on this information, individual members of the fraternity occupy the facility on an annual basis. While the ADA does not specifically establish the length of time for stays to be considered short-term, stays equivalent to a school year or calendar year are not viewed as short-term as are commonly associated with stays in an inn, hotel, or motel. There is no indication that a portion of the fraternity house is maintained or offered for short-term stays. Therefore, the fraternity house is regarded as a residential facility, rather than a place of lodging. The fraternity house is not a public accommodation subject to the requirements of the ADA.
In 1994, the Legislature amended the accessibility standards for public buildings set forth in K.S.A. 58-1301.[14] "The principal aim of the 1994 amendments was to harmonize state law with federal law and, in so doing, make ADA compliance easier for the private sector."[15]
 "(a) Except as provided in K.S.A. 58-1307, and amendments thereto, all existing facilities, and the design and construction of all new, additions to and alterations of, facilities in this state shall conform to Title II or Title III, as appropriate. The design and construction of new, addition to or alteration of, any facility which receives a building permit or permit extension after the effective date of this act shall be governed by the provisions of this act."[16]
Through this language, the Legislature has exempted from application of the Kansas accessibility standards those facilities that are not subject to the ADA.[17] Because residential facilities are not subject to the ADA, such facilities are likewise not subject to the Kansas architectural accessibility standards set forth in K.S.A. 58-1301 et seq. A fraternity house that is occupied by individual members of the fraternity on an annual basis such that it constitutes a residential facility, rather than a place of lodging, is not subject to the Kansas Architectural Accessibility Standards Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] 42 U.S.C.A. §§ 12101 et seq.
[2] K.S.A. 58-1301 et seq.
[3] 42 U.S.C.A. § 12101.
[4] 42 U.S.C.A. §§ 12181-12189.
[5] 42 U.S.C.A. § 12182.
[6] 28 C.F.R. Ch. 1, p. 622-23 (7-1-99 Edition) Append. B to Part 36-Preamble to Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (Published July 26, 1991).
[7] 42 U.S.C.A. § 12181 (emphasis added).
[8] 28 C.F.R. § 36.104.
[9] 42 U.S.C.A. §§ 3601 et seq.
[10] 28 C.F.R. Ch. 1, p. 623 (7-1-99 Edition) Append. B to Part 36-Preamble to Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (Published July 26, 1991) (emphasis added).
[11] Martin v. Occupational Safety Health Review Comm'n.,499 U.S. 144, 150-51, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991); BancamericaCommercial Corp. v. Mosher Steel of Kansas, Inc., 100 F.3d 792, 797 (10th Cir. 1996).
[12] Indep. Housing Services v. Fillmore Ctr., 840 F. Supp. 1328,1344, fn. 14 (N.D.Cal. 1993). See also H.R. Rep. No. 101-485(II), 101st Cong., 2d Sess. 383 (1990), U.S. Code Cong. Admin. News 1990, p. 267.
[13] Dan Werts, Lathrop Gage L.C., Correspondence, March 21, 2000.
[14] See L. 1994, Ch. 195, § 2.
[15] Link, Inc. v. City of Hays, 266 Kan. 648, 655 (1999).
[16] K.S.A. 58-1301 (emphasis added).
[17] See Attorney General Opinion No. 97-9.